UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORANT I.C.,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER,<br>Respondent. | No. 1:26-cv-07982-MKD<br>A# 241-327-302<br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DISMISSING PETITION WITHOUT PREJUDICE<br>**ECF No. 6** |

Petitioner, an immigration detainee at California City Immigration Processing Center proceeding *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. Respondent moves to dismiss the Petition. ECF No. 6. For the reasons discussed below, the Court grants the motion and dismisses the Petition without prejudice.

## BACKGROUND

Petitioner, a native and citizen of Venezuela, has been in immigration custody since June 24, 2026. ECF No. 1 at 2. On August 27, 2026, an

immigration judge granted Petitioner voluntary departure by September 28, 2026, "under safeguards." ECF No. 6 at 12-13. That condition contemplated continued detention pending departure. *See Matter of M-A-S-*, 24 I. & N. Dec. 762, 766 (BIA 2009) (explaining that voluntary departure with safeguards commonly requires a person to "remain in custody until he or she departs from the United States"). The order provided that an alternate order of removal to Venezuela would take effect if Petitioner did not depart by the deadline. ECF No. 6 at 13.

On September 28, 2026, the deadline for voluntary departure, Petitioner filed this Petition seeking release or an individualized bond hearing. Petitioner remained in immigration custody and did not depart by the deadline. ECF No. 6 at 1 n.1, 3. Agency records reflect that no appeal was filed. *Id.* at 18. Respondent moves to dismiss on the ground that Petitioner's detention is mandatory during the statutory 90-day removal period, which Respondent contends began on September 29, 2026. *Id.* at 3.

**DISCUSSION**

An alternate removal order entered in connection with voluntary departure becomes final upon expiration of the voluntary departure period when no timely appeal intervenes. 8 C.F.R. § 1241.1(f). Petitioner's alternate removal order therefore became final on September 29, 2026. Although Petitioner's immigration detention began on June 24, 2026, ECF No. 1 at 2, the statutory 90-day removal

period began when his alternate removal order became administratively final. 8 U.S.C. § 1231(a)(1)(A), (B)(i). During that period, "the Attorney General shall detain the [non-citizen]." *Id.* § 1231(a)(2)(A).

Petitioner remains within that mandatory detention period. The Ninth Circuit has held that detention during this period "passes constitutional scrutiny," even when removal is not reasonably foreseeable. *Khotesouvan v. Morones*, 386 F.3d 1298, 1301 (9th Cir. 2004). The Court therefore dismisses the Petition without prejudice to a later challenge to continued detention.

Accordingly, **IT IS HEREBY ORDERED:**

1. Respondent's Motion to Dismiss, **ECF No. 6**, is **GRANTED**.
2. The Petition for Writ of Habeas Corpus, **ECF No. 1**, is **DISMISSED without prejudice**.
3. The transfer restriction is **VACATED**.

**IT IS SO ORDERED.** The Clerk of Court shall enter judgment for Respondent and **CLOSE** this case.

DATED November 23, 2026.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE